IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRYSTEL L. MULLIGAN,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-10-371-KEW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Chrystel L. Mulligan (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 22, 1960 and was 49 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning June 1, 1990 due to limitations resulting from depression, anxiety, panic attacks, agoraphobia, and paranoia.

**Procedural History**

On July 28, 2008, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 26, 2010, an administrative hearing was held before ALJ Michael A. Kirkpatrick in McAlester, Oklahoma. On June 1, 2010, the ALJ issued an unfavorable decision on Claimant's application. On September 17, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels with some limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly weigh the opinions of Claimant's treating physician and counselor.

**Discussion**

Claimant contends the ALJ failed to properly weigh the opinion of her treating physician, Dr. Mark Rogow and her counselor, Mr. Ray Walker. On February 19, 2010, Mr. Walker completed a Mental Medical Source Statement on Claimant. He concluded Claimant was severely limited in the areas of the ability to work in coordination with or proximity to others without being distracted by them, ability to interact appropriately with the general public, and ability to ask simple questions or request assistance. Mr. Walker found Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, ability to make simple work- related decisions, ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 266-68). Mr. Walker also wrote in a narrative statement that Claimant had great difficulty dealing with situations outside of her daily routine. He also wrote that she cannot go to public places unless she is with a friend and not a large number of or fast moving people such as at Wal-Mart and

5

McDonald's. The anxiety of knowing she may have to do this causes her to lose focus and concentration. (Tr. 269).

On May 24, 2010, Dr. Rogow and Mr. Walker completed a Mental Medical Source Statement on Claimant. They determined Claimant was severely limited in the areas of the ability to work in coordination with or proximity to others without being distracted by them, ability to interact appropriately with the general public, ability to ask simple questions or request assistance, and the ability to set realistic goals or make plans independently of others. They found Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, ability to make simple work- related decisions, ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to accept instructions and respond appropriately to criticism from supervisors, and ability to respond appropriately to changes in the work setting. (Tr. 315-17).

In the narrative statement, Dr. Rogow and Mr. Walker stated Claimant has major depression, anxiety, agoraphobia, and probably

6

an atypical psychosis. She was to see a psychiatrist. The report indicates Claimant had suffered psychosexual abuse in the past and had severe stressors with children who have schizophrenia, ETOH, drug abuse, and brain injury. (Tr. 318).

In his decision, the ALJ determined Claimant had the severe impairments of major depressive disorder and generalized anxiety disorder. (Tr. 11). He concluded Claimant could perform at all exertional levels except that she can perform both simple unskilled tasks and also detailed, semi-skilled tasks but not complex skilled tasks. (Tr. 13). With the assistance of a vocational expert, the ALJ found Claimant could perform the occupations of home cleaner, poultry hanger, and laundry worker I. (Tr. 18-19).

With regard to the opinion of Dr. Rogow, the ALJ found it was inconsistent with the treatment notes from a physician's assistant, Julie Finney in that she found Claimant exhibited appropriate judgment and insight, is oriented to person, place, and time, has normal recent and remote memory, and her mood and affect were appropriate. He also found a treatment note from June of 2009 which indicated Claimant's medication was working. The ALJ found inconsistencies in the statements Claimant gave to Ms. Finney and those indicating the level of stressors in her life given to Dr. Rogow. (Tr. 17). As a result, the ALJ gave the opinion from the medical source statements authored by Dr. Rogow and Mr. Walker

7

"little weight." Id.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The bases provided by the ALJ for the rejection of Dr. Rogow's opinion are not sufficient. The "inconsistencies" cited by the ALJ with the report of a physician's assistant do not relate directly to Dr. Rogow's findings in the medical source statement. Rather, the cited findings of the physician's assistant related to Claimant's observed demeanor and not her functional limitations. Many of the "inconsistencies" cited by the ALJ are irrelevant or of little moment to Claimant's overall condition or functional abilities. Moreover, the ALJ failed to comply with the Watkins

9

analysis in order to reject Dr. Rogow's opinion. While the ALJ states he gave the treating physician's medical source statement little weight, it is obvious he gave it no weight since his RFC did not incorporate the vast majority of his findings. The ALJ also states that Claimant's medication was working. The medical record demonstrates this circumstance was transitory as Claimant and her physician later report problems with depression and anxiety. (Tr. 275-76, 281-82). On remand, the ALJ shall re-evaluate Dr. Rogow's opinion and provide a legally sufficient analysis of the weight provided to that opinion.

Claimant also contends Mr. Walker's opinion should have been afforded some weight. Mr. Walker represents an "other source" which should be given consideration. Further, it appears inconsistent for the ALJ to have accepted a physician's assistant's findings when it supported his decision to deny a disability and then reject Mr. Walker's opinion. On remand, the ALJ shall give Mr. Walker's opinion due consideration and state the weight given to any such opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth

10

sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 27th day of March, 2012.

                                                  _____
                                                  KIMBERLY E. WEST
                                                  UNITED STATES MAGISTRATE JUDGE